Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBN164471)
Amy E. Tabor (SBN 297660)
Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400
F: 713-751-0906

*Attorneys for Plaintiff*

Additional attorneys listed on signature page.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| **SUNG GON KANG**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CREDIT BUREAU CONNECTION, INC.,**<br><br>*Defendant*. | Case No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## I.     PRELIMINARY STATEMENT

1.     This is a consumer class action based upon Defendant Credit Bureau Connection, Inc.'s violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1–1787.3.

2.     Defendant wrongly associates innocent consumers with terrorists, narcotics traffickers, money launderers, arms dealers, and other criminals subject to U.S. government sanctions.

3.     Defendant then compounds these inaccurate associations by depriving these innocent consumers of their rights to inspect the misinformation Defendant sells about them to third parties, and to dispute this information and have it corrected.

COMPLAINT
CLASS ACTION
1
Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

4.    Defendant's conduct deprives consumers of their rights under federal and California law and results in widespread harm.

## II.    JURISDICTION *and* VENUE

5.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

6.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.    PARTIES

7.    Plaintiff Sung Gon Kang ("Plaintiff" or "Mr. Kang") is a natural person who lives in Los Angeles, California, and a "consumer" within the meaning of 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(b).

8.    Defendant Credit Bureau Connections, Inc. ("Defendant" or "CBC") is a corporation that regularly conducts business in the Eastern District of California. Its principal place of business is located at 575 East Locust Avenue in Fresno, California.

## IV.    FACTUAL ALLEGATIONS

**A.    The United States Treasury Department's Office of Foreign Assets Control and Its List of Specially Designated Nationals and Blocked Persons**

9.    The United States Treasury Department's Office of Foreign Assets Control ("OFAC") "administers and enforces economic trade sanctions based on U.S. foreign policy and national security goals against threats to national security, foreign policy or economy of the United States." *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014) (citation omitted).[1]

10.    OFAC directs those sanctions at, among others, terrorists, international narcotics traffickers, and persons involved in the proliferation of weapons of mass destruction, and

---

[1]    *See also*, U.S. Dep't of the Treasury, *OFAC FAQs: General Questions*, https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx (last visited Sept. 14, 2018).

publishes a list of those "Specially Designated Nationals" ("SDNs") and "Blocked Persons" on its website (the "OFAC List").[2]

11.    Persons on the OFAC List are legally ineligible for credit in the United States, may not be employed, and may even be subject to deportation or criminal prosecution.

12.    Persons in the United States are generally prohibited from doing business with, including extending credit to, individuals on the OFAC List. Noncompliance carries potential civil and criminal penalties. *See* 31 C.F.R. § 501 App. A, II.

**B.    The Applicable Legal Environment**

13.    The FCRA regulates CRAs. In California, the CCRAA regulates "consumer credit reporting agencies," entities defined in essentially the same way.[3]

14.    Federal courts in the Ninth Circuit "operate under the assumption that California courts would interpret the FCRA and CCRAA consistently." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (citing *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12, 3 Cal. Rptr. 3d 301, 309 (2003) ("Because the [CCRAA] is substantially based on the [FCRA], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." (citations omitted)).

15.    The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

16.    The FCRA mandates that CRAs provide consumers with access to the information sold about them to third parties and with an opportunity to review their credit files. CRAs must

---

[2]    UNITED STATES TREASURY DEP'T, *Specially Designated Nationals and Blocked Persons List*, https://www.treasury.gov/ofac/downloads/sdnlist.pdf (last visited Sept. 14, 2018).

[3]    For simplicity, Defendant will be referred to as a "CRA," which encompasses the definition of a CCRA, throughout the Complaint. *See* Cal. Civ. Code § 1785.3(d). The only difference in California's definition is an exception for "any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes," an exception not applicable here.

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

1 provide consumers with copies of their files for free upon request once every twelve months,

2 after a credit denial, and in other circumstances. *See* 15 U.S.C. § 1681g(a).

3        17.    After obtaining and reviewing their files, consumers have the right to dispute any

4 inaccurate information and to have errors corrected by the CRA. *See* 15 U.S.C. § 1681i(a).

5        18.    In this context, the term "file" means *all* of the information on that consumer

6 recorded and retained by a consumer reporting agency that might be furnished, or has been

7 furnished, in a consumer report on that consumer, regardless of how the information is stored.

8 *See Cortez*, 617 F.3d at 711–12 (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th

9 Cir. 2007) (citing 15. U.S.C. § 1681a(g))).

10       19.    Thus, "information relating to [OFAC] is part of the consumer's 'file' . . . ."

11 *Cortez*, 617 F.3d at 712.

12       20.    In *Cortez*, the Third Circuit found a CRA, like the Defendant here, liable for failing

13 to disclose OFAC alerts in consumer files and for failing to reinvestigate and correct an OFAC

14 alert erroneously attributed by Trans Union to the wrong consumer. *Id.* at 712–13.

15       21.    Later, a district court sitting in California certified an 8,192-person class of

16 consumers negatively affected by a CRA's failure to maintain reasonable procedures to prevent

17 inaccurate association of consumers with individuals on the OFAC List and its failure to disclose

18 OFAC-related information to consumers upon their request. *Ramirez v. Trans Union, LLC*, 301

19 F.R.D. 408, 413 (N.D. Cal. 2014).

20       22.    The FCRA and CCRAA also require CRAs to "follow reasonable procedures to

21 assure maximum possible accuracy of the information concerning the individual about whom the

22 report relates." *See* 15 U.S.C. § 1681e(b), Cal. Civ. Code § 1785.14(b).

23       23.    OFAC information, because it is a part of a consumer's file and report, is also

24 subject to the maximum possible accuracy standard.

25       24.    The maximum possible accuracy standard "requires more than merely allowing

26 for the *possibility* of accuracy," meaning that CRAs do meet that standard by suggesting that

27 certain consumers as "possible" matches for individuals on the OFAC List. *Ramirez v. Trans*

COMPLAINT
CLASS ACTION

4

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

1  *Union, LLC*, No.12-cv-00632-JSC, 2017 WL 1133161, at *5 (N.D. Cal. Mar. 27, 2017) (quoting

2  *Cortez*, 617 F.3d at 709) (emphasis added).

3       25.    Moreover, CRAs may not foist their duties upon the users of the information that

4  they sell. *Ramirez*, 2017 WL 1133161, at *4 (*citing* Cortez, 617 F.3d at 708).

5  **C.    Defendant's Credit Reporting Activities**

6       26.    Defendant, which describes itself as "a recognized industry leader in credit

7  reporting and compliance solutions," serves "the Automotive, RV, Motorcycle, Marine, Power

8  Sports industries including Automotive Lenders, and Brokers."[4]

9       27.    In practice, Defendant provides automobile and other vehicle dealers with credit

10  and other information, selling consumer reports (commonly called "credit reports") about

11  thousands of consumers each year.

12       28.    The reports Defendant produces are "consumer reports" because they bear on the

13  subject consumer's credit worthiness, credit standing, credit capacity, character, general

14  reputation, personal characteristics, or mode of living and Defendant's customers use them in

15  whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility

16  for credit. *See* 15 U.S.C. § 1681a(d), Cal. Civ. Code § 1785.3(c).

17       29.    Thus, Defendant is a "consumer reporting agency" ("CRA"), *see* 15 U.S.C.

18  § 1681a(f), for purposes of compliance with the FCRA and a "consumer credit reporting agency"

19  ("CCRA"), *see* Cal. Civ. Code § 1785.3(d), for purposes of compliance with the CCRAA.

20       30.    Defendant markets itself as a knowledgeable partner that can help its customers

21  navigate compliance with complicated federal regulations, like OFAC rules.

22       31.    Defendant is acutely aware of implications of noncompliance with federal

23  regulations pertaining to doing business with individuals on the OFAC List and regularly posts

24  articles or links to materials concerning OFAC compliance on its website.

25

26

27  ───────────
[4]    CREDIT    BUREAU    CONNECTION,    INC.,    *About    Us*,
https://www.creditbureauconnection.com/resources/about_us.php (last visited Sept. 14, 2018).

COMPLAINT                                    5                      Caddell & Chapman
CLASS ACTION                                                        P.O. Box 1311
                                                                    Monterey, CA 93942
                                                                    T: 713-751-0400 | F: 713-751-0906

32.     For example, in a blog post on its website from 2016, CBC wrote:

Are you aware that if you do not run an OFAC (Office of Foreign Assets Control) search on everyone you sell a car to (cash or finance) and they are found to be on the FBI's list of known terrorists, drug lords, wanted criminals, etc. you can face up to $10,000,000 (that's 10 Million) in fines and possible prison time?

That's only one of the six main compliance requirements that ALL automotive, marine, motorcycle, RV dealers, along with brokers, independent lenders, and others MUST comply to if you do business in the United States. More and more dealers across the country are being audited by federally funded FTC or Office of Consumer Credit Commissioner auditors.

Don't put yourself, your employees, and your business at risk.

Contact us today. We can help![5]

33.     In another blog post from 2016, CBC wrote:

The Patriot Act of 2001 requires auto dealers to screen all transactions against the Office of Foreign Asset Control (OFAC) database for Specially Designated Nationals (SDN). CBC can provide automatic OFAC checking with the credit report as well as a Free OFAC Name Search utility. Non-compliance with this law may include fines of up to $1,000,000 per occurrence and possible imprisonment. CBC's Free OFAC checking solution simplifies this compliance requirement.[6]

34.     In another blog post from 2017, CBC wrote:

Are you aware that if you do not run an OFAC (Office of Foreign Assets Control) search on everyone you sell a car to (cash or finance) and they are found to be on the FBI's list of known terrorists, drug lords, wanted criminals, etc. you can face up to $10,000,000 (that's 10 Million) in fines and possible prison time?

Don't put yourself, your employees, and your business at risk. Take our free compliance assessment quiz. If all the questions are not a confident YES, contact us today. We can help![7]

---

[5]     CREDIT BUREAU CONNECTION, *Penalties for Violations of Federal Consumer Credit Laws and Regulations*, https://blog.cbcecredit.com/2016/05/penalties-for-violation-of-federal-consumer-credit-laws-and-regulations (last visited September 14, 2018).

[6]     CREDIT BUREAU CONNECTION, *Free OFAC Search Provided by CBC*, https://blog.cbcecredit.com/2016/07/free-ofac-search-provided-by-cbc (last visited Sept. 14, 2018).

[7]     CREDIT BUREAU CONNECTION, *Compliance Assessment Quiz*, https://blog.cbcecredit.com/2017/05/compliance-assessment-quiz (last visited Sept. 14, 2018).

35.     Nonetheless, at all times relevant to this action and despite clear circuit court guidance regarding the reporting of OFAC information by CRAs, Defendant compiles and sells reports about consumers that include inaccurate OFAC "Hits" and fails to include that same information in consumer file disclosures, which it uniformly fails to provide to consumers upon their request.

36.     Also, as a matter of common practice, Defendant does not advise consumers that they may dispute inaccurate OFAC information and does not reinvestigate such disputes or correct such errors when contacted by affected consumers.

37.     Defendant also fails to maintain reasonable procedures to assure the maximum possible accuracy of the OFAC information it sells about consumers in the first place, regularly making inaccurate associations of innocent people with individuals on the OFAC List.

38.     Defendant's standardized practices for matching consumers to records on the OFAC list are uniform and not unique to each consumer or transaction.

39.     Defendant fails to use all of the available information about consumers to determine whether to associate them with criminals on the OFAC List and does not use the available information to rule out clear mismatches.

40.     Defendant does this because it wants to provide some OFAC-related information to its customers (accurate or not), in order to maximize its profits and demonstrate that its products "work."

41.     Defendant thus intentionally employs procedures that maximize the likelihood of a match between a data on the OFAC List and consumers, compromising accuracy.

42.     Defendant's reporting of OFAC alert information is not accidental, but instead a result of deliberately designed policies and procedures.

43.     At all relevant times, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

COMPLAINT
CLASS ACTION

7

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

**D.     Plaintiff's Experience**

44.     On or about November 16, 2017, Plaintiff went to Reeves Honda in Huntington Beach, California with his father to purchase a car.

45.     Plaintiff decided to purchase a 2014 Honda Accord LX and applied for an automobile loan with a Reeves Honda sales representative named Eddie.

46.     Eddie requested the Plaintiff's driver's license and other personal identifying information, including his name, address, social security number, and date of birth, which Plaintiff provided, and ordered a consumer report regarding Plaintiff from Defendant, transmitting Plaintiff's personal identifying information to Defendant in the process.

47.     Defendant prepared a consumer report purportedly about Plaintiff on the same day and sold it to Reeves Honda for a fee.

48.     The consumer report Defendant prepared contained a section labelled "Red Flag Compliance" and, underneath the words "HIT OFAC Check," included "OFAC Search results for SUNG KANG" and a box containing the following information purportedly pertaining to Plaintiff:

Score: **94%**
Entity Number **20130**
Program:
Name: **KANG, Song Nam**
Remarks: **DOB** REDACTED**; POB North P'yo'ngan Province, North Korea; citizen Korea, North; Passport 654410025 (Korea, North) expires 14 Oct. 2019; Bureau Director; Linked To: MINISTRY OF STATE SECURITY.**
Address:
City:
Country: **Korea, North**

49.     Despite having been provided with Plaintiff's name, address, social security number, and date of birth, Defendant used a loose, "name only" match in determining whether Plaintiff was on the OFAC list.

COMPLAINT
CLASS ACTION

8

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

50.    The Reeves Honda sales representative showed Plaintiff a copy of the CBC consumer report including the OFAC information and explained that OFAC alerts pertain to terrorists and other enemies of the United States.

51.    Plaintiff was horrified and embarrassed to be associated with a member of the North Korean state security apparatus, particularly in public and in front of his father.

52.    Reeves Honda refused to allow him to obtain the car loan in his own name as he intended, and instead required him to have a co-signer for the loan.

53.    Plaintiff wanted to avoid inaccurate association with OFAC criminals in the future and went back to Reeves Honda the following week. Reeves Honda requested information from CBC about Plaintiff again.

54.    This time, the following two OFAC entries were inaccurately associated with Plaintiff:

> Score: **94%**
> Entity Number **23184**
> Program:
> Name: **KANG SONG 1**
> Remarks: **Vessel Registration Identification IMO 6908096; Linked To: KOREA KUMBYOL TRADING COMPANY**

> Score: **94%**
> Entity Number **20130**
> Program:
> Name: **KANG, Song Nam**
> Remarks: **DOB** REDACTED**; POB North P'yo'ngan Province, North Korea; citizen Korea, North; Passport 654410025 (Korea, North) expires 14 Oct. 2019; Bureau Director; Linked To: MINISTRY OF STATE SECURITY.**
> Address:
> City:
> Country: **Korea, North**

55.    Neither of the OFAC records included on Defendant's report pertains to Plaintiff. one pertains to a shipping vessel; and the other, to a North Korean state official with a date of birth nearly thirty years before Plaintiff's.

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

56.    The Reeves Honda representative told Plaintiff that the information in the CBC report came from Experian Information Solutions, Inc., a prominent CRA.

57.    Plaintiff requested and thereafter received an Experian file disclosure, which was dated November 30, 2017 and mailed to Plaintiff from Defendant's consumer relations center in Allen, Texas.

58.    The November 30, 2017 file disclosure included Plaintiff's personal identifying information, information about his various credit accounts, and information about inquiries for his credit history, including the November 16, 2017 credit inquiry by Reeves Honda.

59.    Plaintiff's November 30, 2017 consumer file disclosure did not, however, include any OFAC alert or information whatsoever.

60.    Only after many months of research did Plaintiff learn that Defendant had prepared the consumer report provided to Reeves Honda.

61.    Frustrated, but nevertheless desiring to have the OFAC information removed from his CBC credit file, Plaintiff wrote to Defendant describing his experience at the car dealership and requesting that any OFAC information be removed from his file.

62.    In relevant part, Plaintiff wrote:

COMPLAINT
CLASS ACTION

10

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

I have went to Huntington Beach (California) Norm Reeves Honda Dealer on November 16th, 2017 and after I have made my decision to purchase the car, Eddie (Sales Rep) asked for my information like my Driver license, Social Security number, and other personal information (i.e. Where I work and What's my job title, and etc). After providing those information, Eddie went to run my credit report. After running my credit report, Eddie (Sales Rep) came back with the credit report and informed me that I was "Hit" from OFAC Report and this will impact me from purchasing a vehicle in any circumstances (Eddie "Sales Rep" has explained to me that if a consumer is "Hit" with the OFAC Check, dealers aren't able to sell or give out any loan).

I am trying to dispute this misleading information regarding my OFAC Report. Clearly, the name(s) on the OFAC Check report does not match with my name and I am NOT associated with the OFAC name(s) in any way. I am requesting that Credit Bureau Connection to completely remove any misleading OFAC information from my report.

63.    Plaintiff also requested a copy of his complete Credit Bureau Connection file and provided his name, date of birth, home address, and social security number.

64.    On or about July 18, 2018, Plaintiff received a telephone call from a CBC representative who told him that she had searched "profile" or "information" and that there was no OFAC information associated with him. She stated that she could not provide any documentation of that fact.

65.    Later, Plaintiff received in the mail from Defendant a single sheet of paper that appeared to be a printout of CBC's Free OFAC Search from its website. It was dated July 18, 2018 and contained a rectangular box in the middle of page with handwritten underlining, as follows:

## OFAC SEARCH

**Name Searched:** SUNG GON KANG          **Date:** 07/18/2018 04:30:44 PM PST
**OFAC Result:** NO HIT

66.    Plaintiff never received any other information from Defendant.

67.    As a result of Defendant's failure to provide Plaintiff with all of the information it maintains and/or sells about him, specifically the OFAC hit information it had provided to Reeves

COMPLAINT
CLASS ACTION
11
Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

1    Honda, Plaintiff was misled concerning the information that Defendant was reporting about him

2    to third parties and deprived of the opportunity to dispute and correct the inaccurate OFAC hit

3    that Defendant inaccurately associated with him on his report.

4        68.    Plaintiff is unsure whether information erroneously associating him with North

5    Korean state officials and assets remains in his CBC credit file and fears that Defendant may

6    continue to report it to third parties.

7        69.    As of result of Defendant's conduct, Plaintiff has suffered damages in the form of

8    (a) lost credit opportunity, (b) harm to reputation, (c) emotional distress, and (d) deprivation of

9    information guaranteed by Congress.

10    **V.    CLASS ACTION ALLEGATIONS**

11        70.    Plaintiff brings this action on behalf of the following Class for Defendant's

12    violations of FCRA § 1681g(a):

13    During the period beginning five (5) years prior to the filing of this Complaint and
14    continuing through the date of the resolution of this case, all persons residing in the
      United States and its Territories about whom Defendant had previously sold a
15    consumer report to a third party that included any OFAC record and from whom
      Defendant subsequently received a request from a consumer seeking information
16    Defendant maintained or sold about the requesting consumer.

17        71.    Plaintiff brings this action on behalf of the following Class for Defendant's

18    violations of CCRAA §§ 1785.10 and 1785.15:

19    During the period beginning five (7) years prior to the filing of this Complaint and
20    continuing through the date of the resolution of this case, all persons residing in the
      State of California about whom Defendant had previously sold a consumer report
21    to a third party that included any OFAC record and from whom Defendant
      subsequently received a request from a consumer seeking information Defendant
22    maintained or sold about the requesting consumer.

23        72.    Plaintiff brings this action on behalf of the following Class for Defendant's

24    violations of FCRA § 1681e(b):

25    During the period beginning two (2) years prior to the filing of this Complaint and
26    continuing through the date of the resolution of this case, all persons residing in the
      United States and its Territories about whom Defendant sold a consumer report that
27    included an OFAC record.

COMPLAINT
CLASS ACTION

12

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

73.     Plaintiff brings this action on behalf of the following Class for Defendant's violations of CCRAA § 1785.14(b):

> During the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, all persons residing in the State of California about whom Defendant sold a consumer report that included an OFAC record.

74.     The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes number in the thousands.

75.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA and/or the CCRAA by failing to provide consumers with access to all information contained in their consumer files, as well as whether the Defendant follows reasonable procedures to assure the maximum possible accuracy of the information contained in consumers' files with respect to OFAC information.

76.     Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

77.     Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

78.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

79.     Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CCRAA Classes each as a whole.

80.     Whether Defendant violated the FCRA and/or the CCRAA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

81.     A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from Defendant's records.

## VI.     CLAIMS *for* RELIEF

### COUNT I
**Brought on Behalf of Plaintiff and the Class for
Defendant's Violation of FCRA § 1681g(a)**

82.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

83.     Pursuant to section 1681n of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff, upon request, with all information in the consumer's file in violation of 15 U.S.C. § 1681g(a).

### COUNT II
**Brought on Behalf of Plaintiff and the Class for
Defendant's Violation of CCRAA §§ 1785.10 and 1785.15**

84.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

85.     Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA by failing to provide consumers, upon request, with a copy of their disclosure containing all information on that consumer in violation of Cal. Civ. Code §§ 1785.10 and 1785.15 with respect to Plaintiff and the Class.

COMPLAINT
CLASS ACTION

14

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400  | F: 713-751-0906

1
2

**COUNT III**
**Brought on Behalf of Plaintiff and the Class**
**Defendant's Violation of FCRA § 1681e(b)**

3      86.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth
4  at length here.

5      87.    Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for
6  negligently and willfully failing to maintain reasonable procedures to assure maximum possible
7  accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

8
9

**COUNT IV**
**Brought on Behalf of Plaintiff and the Class for**
**Defendant's Violation of CCRAA § 1785.14(b)**

10      88.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth
11  at length here.

12      89.    Pursuant to Cal. Civ. Code § 1785.14(b), Defendant is liable for violating the
13  CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of
14  the reports it sold, in violation of Cal. Civ. Code § 1785.14(b) with respect to Plaintiff and the
15  Class.

16
17

**COUNT V**
**Brought on Behalf of Plaintiff Individually for**
**Defendant's Violation of FCRA § 1681i**

18      90.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth
19  at length here.

20      91.    Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for
21  willfully and negligently failing to conduct a reasonable reinvestigation of Plaintiff's dispute of
22  OFAC-related information in the consumer report prepared and sold by Defendant in violation
23  of 15 U.S.C. § 1681i.

24
25
26
27

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400 | F: 713-751-0906

## VII.   **PRAYER *for* RELIEF**

WHEREFORE, with respect to Counts I-IV, Plaintiff respectfully prays that an order be entered:

(a)    certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Classes;

(b)    entering judgment in favor of Plaintiff and the Classes and against Defendant for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

(c)    entering judgment in favor of Plaintiff and the Classes and against Defendant for actual damages pursuant to 15 U.S.C. § 1681o;

(d)    entering judgment in favor of Plaintiff and the Class and against Defendant for damages of $100 to $5,000 pursuant to Cal. Civ. Code. § 1735.31;

(e)    awarding injunctive relief under the CCRAA;

(f)    awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o, and Cal. Civ. Code § 1735.31; and

(g)    granting such other and further relief as may be just and proper.

WHEREFORE, with respect to Count V, Plaintiff respectfully prays that an order be entered:

(a)    entering judgment in favor of Plaintiff against Defendant for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

(b)    entering judgment in favor of Plaintiff and against Defendant for actual damages pursuant to 15 U.S.C. § 1681o;

(c)    awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and § 1681o; and

(d)    granting such other and further relief as may be just and proper.

## VIII.   **DEMAND *for* JURY TRIAL**

92.    Plaintiff demands trial by jury on all issues.

COMPLAINT
CLASS ACTION

16

Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400  | F: 713-751-0906

1   Dated: October 2, 2018                    Respectfully submitted,

2                                             **SUNG GON KANG**

3                                     By:     */s/Michael A. Caddell*
                                              Michael A. Caddell (SBN249469)
4                                             Cynthia B. Chapman (SBN 166471)
                                              Amy E. Tabor (SBN 297660)
5                                             **CADDELL & CHAPMAN**
                                              P.O. Box 1311
6                                             Monterey, CA 93942
                                              T: 713-751-0400
7                                             F: 713-751-0906
                                              mac@caddellchapman.com
8                                             cbc@caddellchapman.com
                                              aet@caddellchapman.com
9

10                                            James A. Francis*
                                              John Soumilas*
11                                            **FRANCIS & MAILMAN, P.C.**
                                              1600 Market Street, 25th Floor
12                                            Philadelphia, PA 19103
                                              T: 215-735-8600
13                                            F: 215-940-8000
                                              jfrancis@consumerlawfirm.com
14                                            jsoumilas@consumerlawfirm.com
15

16                                            *Attorneys for Plaintiff and Classes*

17                                            *motion for leave to appear *pro hac vice*
                                              forthcoming
18

19

20

21

22

23

24

25

26

27