John V. Tamborelli (State Bar No. 134027)
TAMBORELLI LAW GROUP
A Professional Law Corporation
21700 Oxnard Street, Suite 1590
Woodland Hills, California  91367
Tel:   (818) 710-3696
Fax:   (818) 710-3695

Attorneys for Defendant
Credit Bureau Connection, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SUNG GON KANG, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CREDIT BUREAU CONNECTION, INC.,<br><br>*Defendant*. | Case No.: 1:18-CV-01359-AWI-SKO<br><br>Assigned: Honorable Anthony W. Ishii<br><br>Magistrate: Sheila K. Oberto<br><br>**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[*Federal Rules of Civil Procedure, Rule* 12(b)(6)]<br><br>DATE:    December 10, 2018<br>TIME:    1:30 p.m.<br>CTRM:    2<br><br>Complaint Filed 10/2/2018 |

1

**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Plaintiff, Sung Gon Kang's ("Plaintiff") opposition ("Opposition") has chosen to continually and incorrectly claim that Credit Bureau Connection Inc. ("CBC") is a Credit Reporting Agency to support the five causes of action for alleged violations of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and the California Consumer Credit Reporting Agencies Act ("CCRAA").  However, as in the supporting motion and without any supporting evidence in the Opposition, it is clear that CBC is not a Credit Reporting Agency under either definition of the FCRA and/or the CCRAA and therefore Plaintiff's Complaint ("Complaint") fails to state a cause of action under any theory and must be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* ("*FRCP*").

### 2. RELEVANT FACTS AND FACTUAL ALLEGATIONS

Without rehashing all the allegations in the Complaint, it is without refute that it is entirely based on the unsupportable claims that CBC is a "Consumer Reporting Agency" ("CRA") for purposes of compliance with the FCRA and CCRAA (Complaint ¶29, pg. 5, lines 17-19) and based on this fundamentally incorrect premise that CBC is a CRA, it is therefore liable to Plaintiff for the various violations under the five alleged causes of action: (Violation of FCRA § I68Ig(a); Violation of CCRAA §§ 1785.10 and 1785.15; Violation of FCRA § 168le(b); Violation of CCRAA § 1785.14(b); and Violation of FCRA § 1681i). (*See*, Complaint ¶¶ 82- 89, pgs. 14-15, lines 10-23.)  Succinctly, CBC is not a CRA under any statutory definition and any attempt to claim otherwise is not supported by the law or the Opposition.[1]

---

[1] The attempt by Plaintiff to provide an unrelated advisory opinion from twenty (20) years ago to unrelated code sections and unknown facts that would potentially only have an impact on a potential bureau investigation, underscores the weakness of Plaintiff's claims in a court of law.

2

**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

### 3. CBC IS NOT NOR HAS IT EVER BEEN A CREDIT REPORTING AGENCY UNDER FRCA AND ALSO COULD THEREFORE NEVER BE LEGALLY CONSIDERED A RESELLER

Plaintiff's Opposition tries to ignore his original judicial admissions that CBC is Consumer Reporting Agency as defined by the Federal Law under the Fair Credit Reporting Act ("FRCA") and now seeks to claim that CBC may be liable as a "reseller" of credit reports. This argument however fails by the clear and unambiguous statutory language of the applicable code sections which requires CBC to be a Consumer Reporting Agency before it could even be considered a "reseller."[2]

15 USC §1681 provides, "(a) Definitions and rules of construction set forth in this section are applicable for the purposes of this title….(f) The term "*consumer reporting agency*" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the *practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties,* and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." (emphasis added.)

15 U.S.C. § 1681a(u) defines a "**reseller**" as "**a consumer reporting agency** that—(1) assembles and merges information contained in the database of another

---

[2] This Court will recognize the history of the statutory language at issue in this matter. Historically, for the first time with the passage of the 2003 Fair and Accurate Credit Transactions Act, the Fair Credit Reporting Act defines a reseller as a "consumer reporting agency" (CRA). This denotes a sea change in the law as interpreted by the courts. Prior to this definition, cases addressing the issue generally concluded that although a reseller might undertake activities that transformed it into a formal CRA, it was not necessarily one per se. Under the new definition, resellers are a distinct subset of CRAs. This distinction becomes more clear based on what resellers are and what they do, i.e., they neither maintain nor evaluate the information in a consumer report and, accordingly, have fewer legal obligations than CRAs with respect to maintaining the privacy and accuracy of such reports.

consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." (emphasis added.)

As CBC is not nor has it ever been a "Credit Reporting Agency". Therefore by the very predicate statutory definition, it can never be considered a "reseller." CBC has not at any time and does not for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. CBC has not at any time and does not compile, assemble, evaluate, maintain, control, or update any of the (Trans Union, Equifax and TRW) (collectively "CRA'S") data that is provided from the CRA'S in a consumer credit report.

Plaintiff's reliance on *Starkey v. Experian Info. Solutions, Inc.* 32 F. Supp. 3d 1105, 1109 (C.D. Cal. 2014) to find potential liability of a "reseller" is misplaced and actually supports CBC's position that a reseller must be a Credit Reporting Agency.

In *Starkey*, Plaintiff and her husband applied with Quicken Loans to refinance the mortgage on their house. As part of its due diligence, Quicken Loans requested that CoreLogic (**a Credit Reporting Agency**) prepare a report on Plaintiff and her husband that included the information maintained on them by the three credit bureaus (Equifax, TransUnion, and Experian) and that the information provided by the credit reporting bureaus was inaccurate. Plaintiff concedes in the Opposition

4

**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

that a "reseller" must be a "Credit Reporting Agency" as Plaintiff states in footnote 4 to the Opposition, "[i]n addition, directly contrary to CBC's mistaken notion that resellers are not CRAs, the list does include resellers. (*See, e.g.*, Dkt. 13 at 22 (listing CoreLogic Rental Property Solutions as a CRA)."

Unlike the facts *Starkey*, and based on the clear and unambiguous statutory language, CBC is not a Credit Reporting Agency and therefore could never be legally considered a "reseller."[3]  Plaintiff's claims under the FCRA fail as a matter of law.

### 4. **CBC IS NOT NOR HAS IT EVER BEEN A CONSUMER CREDIT REPORTING AGENCY AS DEFINED BY THE CALIFORNIA STATE LAW UNDER THE CONSUMER CREDIT REPORTING AGENCIES ACT AND MOREOVER SAID ACT DOES NOT IMPOSE LIABILITY TO A CONSUMER CREDIT REPORTING AGENCY THAT ACTS ONLY AS A RESELLER OF CREDIT REPORTS**

CBC is not nor has it ever been a Consumer Credit Reporting Agency as defined by the California State Law under the CCRAA.  California Civil Code §1785.3 provides, "[t]he following terms as used in this title have the meaning expressed in this section:"…(d)"Consumer credit reporting agency" means any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."  (emphasis added.)

---

[3] As CBC is not a Credit Reporting Agency and could not be legally considered a "reseller", Plaintiff's arguments that CBC is required under the FCRA to have in place reasonable procedures to assure the maximum possible accuracy of consumer reports is likewise inapplicable.

5

**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Civil Code section 1785.3 (c) provides:  "*Consumer credit report*" means any written, oral, or other communication of any information *by a consumer credit reporting agency* bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: …." (emphasis added.)

CBC has not at any time and does not for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties. CBC has not at any time and does not compile, assemble, evaluate, maintain, control, or update any of the consumer credit information or consumer credit reports.

Assuming arguendo for the sake of State Law of California, CBC is considered a Consumer Credit Reporting Agency, California Civil Code extremely limits any potential liability as section 1785.22 provides:

"(a) A person may not procure a consumer credit report for the purpose of reselling the report or any information therein unless the person discloses to the consumer credit reporting agency which issues the report the identity of the ultimate end user and each permissible purpose for which the report is furnished to the end user of the consumer credit report or information therein.

(b) A person that procures a consumer credit report for the purpose of reselling the report or any information therein shall do all of the following:

(1) Establish and comply with reasonable procedures designed to ensure that the consumer credit report or information is resold by the person only for a purpose for

which the report may be furnished under this title. These procedures shall include all of the following:

(A) Identification of each prospective user of the resold consumer credit report or information.

(B) Certification of each purpose for which the consumer credit report or information will be used.

(C) Certification that the consumer credit report or information will be used for no other purpose.

(2) Before reselling the consumer credit report or information, the person shall make reasonable efforts to verify the identities and certifications made under paragraph (1)."

As such, there are no allegations in the Complaint, nor would there be, that CBC in anyway violated its legal obligations under California Law with any CRA by not disclosing to the consumer credit reporting agency which issues the report the identity of the ultimate end user and each permissible purpose for which the report is furnished to the end user of the consumer credit report or information therein. Importantly, there clearly is no obligation under California Law that any reseller verify any of the accuracy or inaccuracy of any credit report that may be resold.

Plaintiff's claims under the CCRA fail as a matter of law.

**5. CONCLUSION**

Accordingly, because it is undisputed that CBC is not a Credit Reporting Agency under either definition of the FCRA and/or the CCRAA and did not prepare any Credit Report Plaintiff's Complaint fails to state a cause of action under any

//
//
//
//

theory and must be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* as a matter of law.

DATED:   December 3, 2018          Respectfully submitted,

**Tamborelli Law Group**


By: /s/John V. Tamborelli
**John V. Tamborelli**
Attorneys for Defendant
Credit Bureau Connection Inc.

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
*Kang v Credit Bureau Connection*
Case No. 1:18-CV-01359-AWI-SKO

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21700 Oxnard Street, Suite 1590, Woodland Hills, California.

On December 3, 2018, I served the foregoing document described as:

**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[X]  (BY MAIL) I am familiar with the ordinary business practice of the law firm of Tamborelli Law Group for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[]  (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[ ]  (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[ ]  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[]  (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21700 Oxnard Street, Suite 1590, Woodland Hills, California, copies of the routing slips attached hereto.

[X]  Executed on the December 3, 2018 Woodland Hills, California.

[]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/Ronnie Gipson
Ronnie Gipson

**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

SERVICE LIST

Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBNI64471)
Amy E. Tabor (SBN 297660)
Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
T: 713-751-0400
F: 713-751-0906
*Attorneys for Plaintiff*

**DEFENDANT CREDIT BUREAU CONNECTION INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TAMBORELLI LAW GROUP
A PROFESSIONAL LAW CORPORATION
21700 OXNARD STREET,– SUITE 1590
WOODLAND HILLS, CALIFORNIA  91367