# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG GON KANG,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT BUREAU CONNECTION, INC.,<br><br>Defendant. | CASE NO. 1:18-CV-01359-AWI-SKO<br><br>**ORDER DENYING (1) DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND (2) PLAINTIFF'S MOTION TO STRIKE**<br><br>(Doc. Nos. 38, 41) |

This is a lawsuit about a company that allegedly prepared and distributed a false consumer report about a consumer. The consumer is Plaintiff Sung Gon Kang, and the company that prepared and distributed the consumer report is Defendant Credit Bureau Connection, Inc.

Before the Court is Defendant's objections to the Magistrate Judge's ruling on a discovery dispute. See Doc. No. 38 (Defendant's objections); Doc. No. 37 (Magistrate Judge's discovery order). Also before the Court is Plaintiff's motion to strike from the docket a "supplemental" declaration filed by Defendant in conjunction with the objections. See Doc. No. 41 (Plaintiff's motion to strike); Doc. No. 40 (Defendant's supplemental declaration). For the reasons discussed herein, the Court will deny both Defendant's objections and Plaintiff's motion to strike.

## I. Background

During discovery in this lawsuit, Plaintiff and Defendant had a discovery dispute as to whether and what extent Defendant was required to produce certain documents, interrogatory answers, and deponents. Plaintiff and Defendant willingly submitted their discovery dispute to the Magistrate Judge through an "informal" adjudicatory process that is permitted by the Magistrate

Judge. The informal process consisted of the parties submitting to the Magistrate Judge — but not publicly filing on the docket — letter briefs outlining the parties' respective arguments. The informal process also consisted of the Magistrate Judge conducting an off-the-record conference with the parties about the dispute.

The Magistrate Judge issued a written ruling on the discovery dispute. See Doc. No. 37. Defendant was displeased with the ruling, so Defendant filed objections with the District Judge. See Doc. No. 38. Plaintiff filed an opposition to Defendant's objections. See Doc. No. 39. Defendant filed a "supplemental" declaration to Plaintiff's opposition. See Doc. No. 40. And finally, Plaintiff filed a motion to strike Defendant's supplemental declaration. See Doc. No. 41.

## II.  Discussion

Magistrate judges in the Eastern District of California hear and determine certain pretrial matters pursuant to the Federal Magistrates Act of 1968, 28 U.S.C. 636. Pretrial matters include discovery disputes, which magistrate judges are authorized to handle pursuant to Local Rule 302 and Local Rule 303. Discovery disputes are governed, in part, by Local Rule 251, which outlines the Court's formal procedure for adjudicating discovery disputes. The formal procedure requires a moving party to file and serve a motion and notice of motion, L.R. 251(a), and requires all feuding parties to file on the docket their respective arguments in the form of a "Joint Statement re Discovery Disagreement." L.R. 251(a), (c). The formal procedure envisions the magistrate judge holding a hearing on the discovery dispute. L.R. 251(a), (b). After the hearing, the magistrate judge will, "when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). A party may then object to the magistrate judge's ruling pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 303.

Here there are three major problems with Defendant's objections to the Magistrate Judge's ruling, and because of these problems the Court will deny Defendant's objections. The first problem is that the parties, including Defendant, willingly submitted their discovery dispute to the Magistrate Judge's informal discovery dispute process. In doing so, the parties willingly waived their participation in Local Rule 251's formal discovery dispute process, outlined supra. The rules for the Magistrate Judge's informal discovery dispute process state that if the parties submit to the

informal discovery dispute process as an alternative to the formal discovery dispute process, then the parties will be bound by the Magistrate Judge's ruling. States the rule,

> [Magistrate] Judge Oberto will resolve discovery disputes outside the formal Local Rule 251 procedures pursuant to the parties' request. The parties must agree among themselves to the informal discovery process before contacting the Court. By requesting an informal discovery dispute conference, <u>the parties are agreeing to be bound by any discovery ruling arising out of the informal proceedings</u>.

Magistrate Judge Sheila K. Oberto's Court Procedures ¶ 6(b), http://www.caed.uscourts.gov/caednew/assets/File/SKO%20Web%20Info_revised_4_4_2_19.pdf (last visited Nov. 5, 2019) (emphasis added). Because Defendant willingly submitted to the Magistrate Judge's informal discovery dispute process, Defendant is bound by the Magistrate Judge's ruling.

The second problem with Defendant's objections is related to the first problem. Because Defendant willingly submitted to the informal discovery dispute process, there is an inadequate record before the District Judge on which to "reconsider" the Magistrate Judge's ruling in the sense contemplated by Rule 72 and Local 303. As noted <u>supra</u>, Local Rule 251's formal discovery dispute process requires a moving party to file and serve a motion and notice of motion, L.R. 251(a), and requires all feuding parties to file on the docket their respective arguments in the form of a Joint Statement re Discovery Disagreement. L.R. 251(a), (c). Neither of those requirements were met here, leaving the District Judge (hereinafter the "Court") with an inadequate record concerning the facts and arguments presented by the parties to the Magistrate Judge. This is problematic because it appears to the Court (but would be known for certain by the Magistrate Judge) that Defendant is now raising facts and arguments that Defendant failed to present to the Magistrate Judge. If this is true, then Defendant's newly raised facts and arguments need not be considered by the Court for reconsideration purposes under Rule 72. This is because Defendant is not entitled to reconsideration "of an argument never raised" before the Magistrate Judge. <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987).

> The purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work. It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the

> magistrate. Parties must take before the magistrate not only their "best shot" but all of their shots. This concept is premised on the same basis as the rule that an appellate court will not consider arguments not raised below except in the most compelling circumstances.

Id. Because the formal record before the Court does not indicate what, exactly, was presented by Defendant to the Magistrate Judge,[1] the Court will allow the Magistrate Judge to address the issue of whether Defendant failed to present facts and arguments to the Magistrate Judge.[2]

The third problem with Defendant's objections is that they seek "re"-consideration of issues that were not squarely ruled on "in the first instance" by the Magistrate Judge. See Rodriguez v. Pataki, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003). This is to say, Defendant argues that the Magistrate Judge's ruling is erroneous because it will subject Defendant to undue burden, but the Magistrate Judge's ruling simply orders the parties to "meet and confer as to the form or forms in which electronically stored information is to be produced by Defendant, and whether or not such electronically stored information is reasonably accessible and can be obtained without undue burden or cost." Doc. No. 37.[3] In other words, the Magistrate Judge's ruling expressly reserves for the Magistrate Judge the question of undue burden. As a result, there is nothing in the Magistrate Judge's ruling about undue burden that is ripe for "re"-consideration under Rule 72. See Rodriguez, 293 F. Supp. 2d at 315 (denying objection to magistrate judge's ruling because the objection addressed discovery issues that had not been ruled on "in the first instance" by the magistrate judge); AML Int'l, Ltd. v. Orion Pictures Corp., Case No. 89-cv-2048, 1990 WL 364469, at *6 (S.D.N.Y. Feb. 20, 1990) (same).

For all these reasons, Defendant's objections will be denied. And because Defendant's objections will be denied for the foregoing reasons, Plaintiff's motion to strike is moot and will be denied on that basis.

---

[1] The Court is aware that Plaintiff's opposition to Defendant's objections includes an exhibit, Doc. No. 39-2, and the exhibit appears to be a copy of Defendant's informal letter brief submitted to the Magistrate Judge. Defendant's informal letter brief does not directly raise the "undue burden" argument that Defendant raises in its objections.

[2] The Court is not ordering the Magistrate Judge to unilaterally "address the issue" but, rather, is simply reserving for the Magistrate Judge the discretion to address the issue if it is subsequently raised by one of the parties.

[3] If Defendant did not raise its "undue burden" argument with the Magistrate Judge during the informal discovery dispute process, which appears to be the case, then it is completely understandable that the Magistrate Judge's ruling does not squarely answer the undue burden question.

4

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's objections (Doc. No. 38) to the Magistrate Judge's order is DENIED; and
2. Plaintiff's motion to strike (Doc. No. 41) is DENIED, and the hearing on the motion to strike is VACATED.

IT IS SO ORDERED.

Dated:   November 8, 2019

SENIOR DISTRICT JUDGE