Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
P.O. Box 1311
Monterrey CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906

*Attorneys for Plaintiff*

*[Additional attorneys listed on signature page]*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| SUNG GON KANG, individually and on behalf of others similarly situated,<br><br>       *Plaintiff*,<br><br>       *v.*<br><br>CREDIT BUREAU CONNECTION, INC.,<br><br>       *Defendant*. | CASE NO. 1:18-cv-01359-AWI-SKO<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Judge:      Hon. Anthony W. Ishii<br>Magistrate: Sheila K. Oberto |

1  WHEREAS, the parties anticipate that, through discovery, they may seek to obtain documents and information that may be of a confidential nature within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

WHEREAS, Defendant Credit Bureau Connection, Inc., does not hereby intend any waiver of its rights, if any, to challenge the Court's Order of April 7, 2020 (ECF 63) and Court's Order of May 14, 2020 (ECF 70).

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, as follows.

1. **Definitions**. The following words and phrases have the following meanings for the purposes of this Order.

   a. "Producer" means a party or non-party who or which produces the following documents or material (collectively, "Documents," or individually, a "Document") in connection with this action:

   i. Documents, including electronically stored information, other than encrypted data, or physical evidence produced in response to document requests, interrogatories, requests for admissions, notices of inspection, or subpoenas;

   ii. Responses to document requests, interrogatories and requests for admission; or

   iii. Deposition transcripts, including exhibits thereto.

   b. "Confidential Material" means Documents and information to be produced by Defendant pursuant to the Orders of April 7, 2020 (ECF 63) and May 14, 2020 (ECF 70) and includes:

   i. personally identifying information for individuals identified in response to Plaintiff's Interrogatories No. 5 and 6 and Plaintiff's Requests for Production Nos. 3 and 7. Such information requires confidential treatment because it is highly sensitive and because Defendant's contractual obligations with its vendors require it to maintain such information in a confidential manner. The information should be protected by a court order instead of a private

agreement between the parties for the protection of the individuals about whom the information pertains in light of its particularly sensitive nature;

    ii.  All versions of the code for CBC's OFAC Information lookup and scoring algorithm and documents sufficient to show a list of tables and fields, including any and all descriptions, for the MariaDB database maintained by Frank Larsen produced in response to Plaintiff's Requests for Production Nos. 16 and 17.  Such information requires confidential treatment because it is proprietary information of CBC and its public dissemination will result in considerable financial damage and irreparable harm to CBC as it will defeat CBC's market share. The information should be protected by a court order instead of a private agreement between the parties because there is immediate remedy with this Court for any violation of this Court Order.

  c.  "Designator" means a party to this action which or who designates documents as Confidential Material.

  2. **Limitation on Use of Confidential Material**. All Confidential Material produced in this litigation shall be used by the parties and their respective counsel solely for the purpose of this litigation and for no other purpose. Should either party believe it necessary, for a relevant discovery purpose, to contact any person identified within any production of Confidential Material, that party shall first meet and confer with the opposing party to discuss contacting the person(s) and if the parties cannot reach an agreement within three (3) business days, the parties agree to promptly submit a joint letter to the Court, not to exceed three (3) pages, requesting a telephonic conference at the Court's earliest convenience to resolve the issue.  This limitation does not prevent a party or entity from using or disclosing information obtained independently of a Producer.

  3. **Designation of Confidential Material—Documents**. Designation of Documents as Confidential Material shall be made by placing the legend "CONFIDENTIAL" (the "Confidential Legend") on the face of the Document and on each page so designated or by otherwise designating a category or group of Documents in clear and unambiguous language to this effect in a letter to the other party or in a similar writing. Any Document stamped, designated or otherwise marked in such a manner will be subject to the terms of this Order.

4. **Designation of Confidential Material—Discovery Responses**. Designation of written responses to interrogatories, requests for production of documents, requests for admissions, or similar written discovery requests, and the information contained therein, as Confidential Material shall be made by placing the Confidential Legend on each page of any response containing information so designated before service of the response on the other party.

5. **Designation of Confidential Material – Deposition Testimony and Exhibits**. A party may designate deposition testimony, including exhibits, as Confidential Material, pursuant to the following terms and conditions.

    a. Designation of deposition testimony, including exhibits, as Confidential Material shall be made by service of a letter to this effect on the other party (a "Designation Letter"). The Designation Letter shall be served within 14 days of the designee's receipt of the transcript and shall specify the testimony that is deemed to be confidential by page and line designation or the exhibit that is to be deemed confidential by the name and number assigned to such exhibit by the party taking the deposition.

    b. At the time of receipt of a Designation Letter, both parties shall place the Confidential Legend at the top of each page of each deposition transcript and exhibit designated as Confidential Material, as well as each photocopy thereof.

6. **Procedure for Raising Disputes as to Confidentiality**. A party who or which disagrees with the designation of any materials as Confidential (the "Objecting Party") shall notify the Designator in writing of his or its objection. If the Designator does not withdraw the designation of confidentiality, the Objecting Party shall move for relief from the Court within 30 days after receipt of written notice from the Designator confirming the Confidential designation of the material. The Designating Party shall bear the burden of proof to support its designation of confidentiality in opposing any such motion.

7. **Permissible Disclosure of Confidential Material**. Confidential Material subject to this Order shall be used solely for the purpose of conducting this action and any appeals thereof, or for purposes otherwise identified herein. All Confidential Material subject to this Order shall be

kept in a confidential manner and may be disclosed only to the extent necessary for the purpose of conducting this litigation, and only to and among the following persons.

      a.    The parties, and the attorneys for any party in this action, including without limitation, their respective partners, of counsel, associates, paralegals, and other employees;

      b.    Any current director, officer, employee (including in-house counsel), or agent of a party who is assigned by such party to work on this action, including anyone responsible for the supervision of this action;

      c.    Any person not employed by a party or retained by a party or his or its counsel from whom testimony is taken or may be taken in this action, except that such person may see and retain copies of Confidential Material only during his or her testimony, in preparation therefore, or in discussions of possible testimony, and may not thereafter retain copies of any Confidential Material;

      d.    Any person not employed by a party who is expressly retained by the party or his or its counsel to assist in preparation of this action, including expert witnesses and consultants, and their respective employees and support staff;

      e.    The Court and all other Court personnel involved in the adjudicative process;

      f.    Court reporters; and

      g.    Commercial document services employed for copying, imaging, scanning, document handling, document storage, or related litigation support functions in connection with this case.

8.    **Limitation on Disclosure of Confidential Material**. Without limitation of paragraph 7 above, Confidential Material shall not, without the express prior written consent of the Designator of the Confidential Material, or an order of this Court after notice to the Designator, be disclosed to any person other than listed in paragraph 7 above, as appropriate.

9.    **Use of Consent Agreement**. Before disclosing Confidential Material to a person identified in subparagraphs 7(c) or 7(d) above, such person shall be required to sign a written

certification ("Consent Agreement") that he or she is familiar with the terms and conditions of this Order and consents to be bound thereby. A form of such Consent Agreement is attached as Exhibit A. A copy of each Consent Agreement so obtained shall be retained by the party that discloses Confidential Material and shall be produced upon good cause shown by the Designator.

10. **Protective Order Motions**. Nothing herein shall be construed so as to limit the right of a party to seek a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to prevent the disclosure of any Document or category of Documents.

11. **Return or Destruction of Confidential Material**. Within 180 days after conclusion of this action, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement, counsel of record employed by a party to this action shall, upon written request of the Producer, return to the Producer Documents produced in this action, including without limitation, all Confidential Material within the scope of this Order, or destroy all such Confidential Material.

12. **Use of Confidential in Filings with Court**. The parties may offer any Confidential Material in connection with motions or briefs, at hearings, or at trial in this action. Pursuant to Local Rule 141, any Confidential Material submitted to, presented to or filed with the Court before trial shall be submitted with a Notice of Request to Seal Documents by the party making the submission and shall not be made available to persons other than as authorized by this Order and Local Rule 141. Confidential Material shall not lose its Confidential status because it is used in any Court proceeding in this action.

13. **Inadvertent Production of Confidential Material**. If a Producer inadvertently produces Confidential Material without designating it as such pursuant to paragraph 3 above, or if a party learns that the other party possesses Documents that contain his or its sensitive or proprietary information, the party may still designate such material as Confidential Material as follows:

      a.     Within 30 days of the discovery of its failure to designate, the Producer/Designator must give written notice to the party who received copies of the produced Documents that the Producer/Designator claims, in whole or in part, to be Confidential Material.

      b.     Upon receipt of such notice, the party who has received copies of the produced Documents shall promptly place the Confidential Legend on the Documents designated as Confidential Material and shall so represent in writing to the Producer/Designator.

      c.     The Producer/Designator shall bear the cost of placing the Confidential Legend on all such inadvertently produced Documents.

14. **Producer's Right to Publication**. This Order shall not restrict the right of any person to publish, disseminate, or otherwise release any Document that he or it produced or designated.

15. **No Subject Matter Waiver of Confidentiality by Failure to Designate**. A party's failure to designate a Document as Confidential Material hereunder shall not constitute a waiver of such party's assertion of confidentiality with respect to any other Document or category of Documents.

16. **Inadvertent Production of Privileged Material**. If a party produces Documents which it considers to be privileged, in whole or in part, he or it may seek to retrieve such Documents or parts thereof as follows:

      a.     Within 30 days of the Producer's discovery of such a disclosure, the Producer shall give written notice claiming privilege to the other party. Immediately upon receipt of such notice, the Documents shall be treated as privileged by each recipient thereof and all reasonable steps shall be undertaken by such receiving persons to safeguard such Documents, including, where applicable, the immediate retrieval of such Documents from all non-parties to whom or which they have been disclosed, until such time as the assertion of privilege is resolved in accordance with the terms of this Order.

      b.     Unless within 20 days of the provision of the notice in subparagraph (a) above, the disclosed Documents and all copies thereof are returned to the Producer, or an affidavit

or other sworn statement is furnished to the Producer attesting to the fact that the privileged Documents and all copies thereof have been destroyed, then the Producer may move for an appropriate protective order. The other party may oppose such a motion on any ground not contrary to the express terms of this Order. The failure of the Producer to provide notice pursuant to subparagraph (a) above, or to move for a protective order pursuant to this subparagraph, shall constitute a limited waiver of any claim of privilege solely with respect to the particular Documents themselves.

    c. If a separate protective order is entered by the Court, and no timely appeal is taken from such order (or an appeal is taken but proves unsuccessful and no further right of appeal is available), then within 30 days of the exhaustion of any right to appeal such order, each recipient of the privileged Documents shall either return the privileged Documents and all copies thereof to the Producer, or furnish an affidavit or other sworn statement attesting to the fact that the privileged Documents and all copies thereof have been destroyed. In the case of deposition transcripts, an affidavit or other sworn statement stating that the privileged portions of the testimony have been redacted will suffice.

  17. **Parties' Agreement to Designate Material as Confidential**. Notwithstanding any other provision of this Order, the parties in this action may, by written agreement at any time, designate any Document as Confidential Material subject to the protections herein.

  18. **Survival and Continuing Jurisdiction**. This Order and each of its respective terms and conditions shall survive the termination of this action, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement, and shall continue in full force and effect thereafter. The Court will retain jurisdiction after the termination of this action to enforce the terms of this Order. Either party may, upon written notice to the other party, move for an order modifying, amending or dissolving the terms of this Order.

  19. **Notice of Breach and Opportunity to Cure**. Notwithstanding any contrary provision herein, a party claiming breach of this Order shall have the burden to serve written notice of such breach on counsel of record for the other party. Such notice shall specifically identify the

Confidential Material with respect to which a breach of this Order is alleged to have occurred, and shall provide said party a reasonable period of not less than 30 days following the date of service of such notice in which to cure the breach. A party claiming breach of this Order may seek from the Court, after affording such notice and opportunity for cure, a temporary restraining order or preliminary injunction, to the extent necessary to prevent him or it from suffering irreparable harm.

Agreed as to form and substance:

By: */s/ Michael A. Caddell*
Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
P.O. Box 1311
Monterrey CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906

James A. Francis (*pro hac vice*)
jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice*)
jsoumilas@consumerlawfirm.com
Jordan M. Sartell (*pro hac vice*)
jsartell@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel.: (215) 735-8600
Fax: (215) 940-8000

*Attorneys for Plaintiff*

By: */s/John V. Tamborelli*
John V. Tamborelli (State Bar No. 134027)
TAMBORELLI LAW GROUP
A Professional Law Corporation
21700 Oxnard Street, Suite 1590
Woodland Hills CA 91367
Tel: (818) 710-3696
Fax: (818) 710-3695

*Attorney for Defendant*
*Credit Bureau Connection, Inc.*

IT IS SO ORDERED.

Dated: **May 22, 2020**                    */s/ Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

SUNG GON KANG, individually and on behalf of others similarly situated,

*Plaintiff*,

v.

CREDIT BUREAU CONNECTION, INC.,

*Defendant*.

CASE NO. 1:18-cv-01359-AWI-SKO

**CONSENT AGREEMENT**

Judge:       Hon. Anthony W. Ishii
Magistrate:  Sheila K. Oberto

I, the undersigned, have read and understand the terms and conditions of the Stipulated Protective Order (the "Order") in the above-captioned matter, dated _____, 2020, and I consent to be bound by its terms as follows:

1. I agree that I will disclose and use "Confidential Material" as defined by the Order, only as permitted pursuant to the express terms and conditions thereof, and that I will protect and maintain the confidentiality of any "Documents," as defined by the Order, so designated.

2. I further unconditionally agree to, upon request, return all Confidential Material to the law firm or person which or who provided such Confidential Material to me immediately after my use thereof for this litigation ceases.

3. I consent to the personal jurisdiction of the United States District Court for the Central District of California to the limited extent necessary to enforce the terms and conditions of the Order.

Signature: _____

Print Name: _____

Date: _____