1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11   SUN GON KANG, individually and on behalf        Case No.  1:18-cv-01359-AWI-SKO
     of others similarly situated,
12                                                   **ORDER VACATING HEARING AND**
                             Plaintiff,              **DENYING DEFENDANT'S MOTION**
13                                                   **FOR LIMITED DISCOVERY FROM**
              v.                                     **ABSENT CLASS MEMBERS**
14
     CREDIT BUREAU CONNECTION, INC.,                 (Doc. 127)
15
                             Defendant.
16   _____/

17                          **I.      INTRODUCTION**

18          On October 14, 2022, Defendant Credit Bureau Connection ("CBC") filed a motion seeking

19   permission to serve five interrogatories on approximately 1,194 absent class members (the

20   "Motion").  (Doc. 127.)   The parties filed their "Joint Statement re Discovery Disagreement"

21   directed to the Motion, as required by this Court's Local Rule 251, on October 26, 2022 (the "Joint

22   Statement").  (Doc. 130.)  The Court has reviewed the parties' papers and all supporting material

23   and finds the matter suitable for decision without oral argument.  The hearing set for November 9,

24   2022, will therefore be vacated.

25          Having considered the Motion, Joint Statement, and supporting exhibits, and for the reasons

26   set forth below, the Motion will be denied.

27                          **II.     BACKGROUND**

28          CBC sells credit reports that help automobile dealers manage the regulatory compliance

obligations that accompany every consumer car purchase. One of the obligations derives from a Treasury Department Office of Foreign Assets Control ("OFAC") regulation that prohibits dealers from doing business with anyone designated as a "Specially Designated National" or "SDN" on OFAC's SDN list. Individuals on the SDN list consist of persons and companies owned or controlled by, or acting for or on behalf of, targeted countries, as well as persons and entities that are not country-specific, such as terrorists and drug traffickers. SDNs are prohibited from transacting business in the United States for national security reasons.

CBC's credit reports indicate whether a consumer is an "OFAC Hit," that is, someone with whom the automobile dealer might not want to do business because of that person's match to the SDN list. Plaintiff Sun Gon Kang ("Plaintiff") was a consumer whose name inaccurately came up as an OFAC Hit on a credit report sold by CBC to Norm Reeves Honda. The OFAC check matched Plaintiff with a North Korean SDN named Song Nam Kang, and Norm Reeves Hondo denied him credit on that basis. Plaintiff later requested and received a copy of the credit report, and learned that CBC's OFAC check incorrectly matched him with an SDN.

Plaintiff filed this lawsuit on behalf of himself and a class of similarly situated consumers, pleading causes of action under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civil Code § 1785.1 *et seq.* (*See* Doc. 1.) Specifically, on behalf of a putative class, Plaintiff alleges that CBC failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer information included in its OFAC Check documents, in violation of 15 U.S.C. § 1681e(b) and Cal. Civil Code § 1785.14(b); and failed to disclose upon request all information in consumer files, in violation of 15 U.S.C. § 1681g(a) and Cal. Civil Code §§ 1785.10 and 1785.15. On behalf of only himself, Plaintiff alleges that CBC failed to reinvestigate the disputed OFAC-related information that it had prepared and sold to the dealership, in violation of 15 U.S.C. § 1681i.

On July 14, 2021, Plaintiff filed a motion to certify the class (Doc. 111), which was granted on March 4, 2022 (Doc. 121). The Court certified the following classes:

> For Plaintiff's FCRA claims for statutory damages, a class defined as "All individuals about whom Defendant prepared a report that (1) included an OFAC

1    "Hit;" (2) was published to a third party from October 2, 2013 to March 4, 2022
2    and (3) included a U.S. address (including U.S. Territories) for that individual."

3    For Plaintiff's CCRAA claims for injunctive relief, a class defined as "All
     individuals about whom Defendant prepared a report that (1) included an OFAC
4    "Hit;" (2) was published to a third party from October 2, 2011 to March 4, 2022;
     and (3) included a U.S. address (including U.S. Territories) for that individual."

5

6    (Doc. 121 at 17.)  The Court also appointed Plaintiff as class representative, and Plaintiff's

7    counsel as co-class counsel.  (*Id*. at 18.)

8                              **III.    LEGAL STANDARD**

9            As the Supreme Court explained in *Phillips Petroleum Co. v. Shutts*, "an absent class-action

10   plaintiff is not required to do anything.  [They] may sit back and allow the litigation to run its course,

11   content in knowing that there are safeguards provided for [their] protection."  472 U.S. 797, 810

12   (1985).  Consistent with that principle, district courts in this circuit have consistently held that

13   "discovery of absent class members is ordinarily not permitted in class actions."  *On the House*

14   *Syndication, Inc. v. Federal Exp. Corp*., 203 F.R.D. 452, 455 (S.D. Cal. 2001); *see also In re*

15   *Washington Mut. Mortg. Backed Sec. Litig*., No. C09-37 MJP, 2011 WL 1789975, at *1 (W.D.

16   Wash. May 9, 2011) (characterizing discovery from absent class members as "generally

17   disfavored"); *McPhail v. First Command Fin. Planning, Inc*., 251 F.R.D. 514, 517 (S.D. Cal. 2008)

18   ("Whether prior to class certification or after, discovery, except in the rarest of cases, should be

19   conducted on a class wide level . . . . If joinder of all parties is impracticable, propounding discovery

20   like interrogatories, depositions, and requests to produce on an individual basis is even more

21   impracticable.") (citing *Adkins v. Mid-Am. Growers, Inc*., 141 F.R.D. 466, 468 (N.D. Ill. 1992)).

22   Among the reasons that courts have cited for disfavoring absent class member discovery are

23   concerns that subjecting absent class members to discovery requests could chill class participation;

24   defeat the purpose of Rule 23's opt-out provision, creating a de facto opt-in requirement, *see On the*

25   *House Syndication, Inc.,* 203 F.R.D. at 456; and generally "defeat the purpose of class actions which

26   is to prevent massive joinder of small claims."  *Arredondo v. Delano Farms Co*., No. 1:09-CV-

27   01247 MJS, 2014 WL 5106401, at *4 (E.D. Cal. Oct. 10, 2014) (quoting *McCarthy v. Paine Webber*

28   *Grp., Inc.,* 164 F.R.D. 309 (D. Conn. 1995)).

Nonetheless, the Ninth Circuit has made clear that limited discovery from absent class members may still be permissible in certain circumstances. *Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121, 1131 n.10 (9th Cir. 2017) (stating that district courts "have discretion to allow limited discovery from absent class members if the particular circumstances of a specific case justify it."). Neither the Supreme Court nor the Ninth Circuit have explicitly stated, however, what those circumstances may be. *Aldapa v. Fowler Packing Co. Inc*., No. 1:15-cv-00420-DAD-SAB, 2019 WL 1047492, at *4 (E.D. Cal. Mar. 5, 2019) (hereinafter "*Aldapa I*") ("No Supreme Court or Ninth Circuit case law addresses the propriety of conducting discovery on absent class members."); *Tierno v. Rite Aid Corp*., No. C 05-02520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008) ("The law on discovery directed to absent class members is flexible.  Discovery from absent class members is neither prohibited nor sanctioned explicitly by the Federal Rules.") (internal quotation marks omitted); *see also Arredondo*, 2014 WL 5106401, at *4.  In the absence of such guidance, district courts within this circuit have applied slightly different standards in addressing the question of whether to allow any sort of discovery of absent class members.

One "frequently cited standard in addressing [the] question" of when to permit discovery of absent class members derives from *Clark v. Universal Builders, Inc*., a Seventh Circuit case.  *Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-00420-DAD-SAB, 2019 WL 2635947, at *3 (E.D. Cal. June 27, 2019) (hereinafter "*Aldapa II*") (citing *Clark v. Universal Builders, Inc*., 501 F.2d 324, 341 (7th Cir. 1974)).  While the *Clark* court did not specifically frame its discussion of the burden that lies upon the party seeking discovery from absent class members as a discrete test, the following multi-factor test (the "Clark Test") has been attributed to *Clark*.[1]  According to the *Clark* Test, discovery of absent class members is permitted only where the party seeking discovery satisfies four criteria:

> 1)   the discovery is not designed to take undue advantage of class members or
>      to reduce the size of the class,

---

[1] As the court in *Aldapa I* explained, "the Seventh Circuit did not clearly enunciate a four factor test, but rather held the district court record was devoid of any showing that defendants had met the heightened burden for deposing class members because there was no developed record demonstrating necessity of the discovery, nor demonstrating an absence of any motive to take undue advantage of the class members, which the court found particularly important given the likely need for counsel during the depositions."  *Aldapa I*, 2019 WL 1047492 at *5.

2)      the discovery is necessary,

3)      responding to discovery requests would not require the assistance of counsel, and

4)      the discovery seeks information that is not already known by the proponent.

*Johnston v. Hertz Local Edition Corp*., 331 F.R.D. 140, 141 (E.D. Cal. 2019) (citing *McPhail*, 251 F.R.D. at 517).

Other courts, including this court, have developed similar albeit subtly different tests. According to the *Arredondo* court, for instance, discovery from absent class members may be permitted when "[1] reasonably necessary, [2] not conducted for an improper purpose, and [3] not unduly burdensome in the context of the case and its issues."  2014 WL 5106401, at *5.  According to the *Tierno* court, discovery of absent class members is permitted "where the information sought is [1] relevant, [2] not readily obtainable from the representative parties or other sources, and [3] the request is not unduly burdensome and made in good faith."  2008 WL 2705089, at *6.  According to other courts, discovery is permissible only "where a strong showing is made that the information sought:

1)      is not sought with the purpose or effect of harassment or altering membership of the class;

2)      is directly relevant to common questions and unavailable from the representative parties; and

3)      is necessary at trial of issues common to the class."

*On the House Syndication, Inc.*, 203 F.R.D. at 456 (citing *McCarthy*, 164 F.R.D. at 313).

Ultimately, despite differences in phrasing, the substantive differences between the tests are slight.  The Court finds that the most useful test for these purposes, however, is the *Arredondo* test due to its ability to "easily encompass the more specific *Clark* factors," as well as those of other courts.  *Aldapa I*, 2019 WL 1047492, at *5.  As the *Aldapa I* court explained, the "factors used in *Arredondo* are more useful and appropriate because they allow the Court to weigh the facts of a particular case under more expansive discovery principles."  *Id*.

///

# IV.    ANALYSIS

Applying the *Arredondo* factors, the Court finds that CBC has not carried its burden of justifying the absent class member discovery it seeks.

## A.    Necessity

With respect to the first factor, CBC has failed to show that the proposed discovery is reasonably necessary at this stage of the proceedings.  CBC proposes to serve five interrogatories on approximately 1,194 absent class members to elicit information about what and when they knew, or should have known, about their OFAC hit.  (Doc. 130 at 4–5, 8–9.)  CBC contends that the interrogatories are necessary to develop its statute of limitations defense and to rebut Plaintiff's request for statutory and punitive damages under the FCRA.  (*Id*. at 4–7, 8–9.)

As this Court previously observed in its order certifying the classes, CBC's statute of limitations defense and damages inquiry involves some, although not predominating, "individualized" issues.  (Doc. 121 at 13, 15, 16.)  As such, district courts within this Circuit have held that the "most appropriate time" to adjudicate individual issues concerning defenses and/or individual claims for damages is during the trial phase of the proceedings or during the claims administration process.  *On the House Syndication, Inc*., 203 F.R.D. at 458 ("[T]he most appropriate time to gather any necessary information from individual class members is generally after a determination of liability and before payment of individual claims."); *Holman v. Experian Info. Sols., Inc*., No. C 11-00180 CW DMR, 2012 WL 2568202, at *4 (N.D. Cal. July 2, 2012) (denying request to propound written discovery on 38,000 absent class members in a FCRA case, observing that "Experian's proposed questionnaire is aimed at individual questions, which are more properly adjudicated after the common questions have been determined."); *Nitsch v. Dreamworks Animation SKG, Inc*., 5:14-cv-04062 LHK (HRL), 2016 U.S. Dist. LEXIS 142790, *9 (N.D. Cal. Oct. 14, 2016) (denying discovery from 500 absent class members, noting that "[i]ndividual issues concerning defendants' statute of limitations defense may be reserved for individual treatment, similar to procedures used for individualized damages inquiries"); *Campbell v. Best Buy Stores, L.P*., No. LA CV12-07794 JAK (SHx), 2014 WL 12591798, at *6 (C.D. Cal. May 12, 2014) ("[D]iscovery from absent class members prior to a finding of liability is disfavored.  Thus, the requested depositions

1    are not needed to determine whether absent class members will be entitled to relief if Best Buy is

2    ultimately found liable.") (internal citation omitted); *McPhail*, 251 F.R.D. at 519 (concluding that

3    "inquiry into individual issues can take place during a second phase of trial or during the claims

4    administration process").  *See also Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1156

5    (9th Cir. 2016) ("The district court has discretion to shape the proceedings.  With a class of only

6    about 600 members, the court could choose an option such as the use of individual claim forms or

7    the appointment of a special master, which plainly would allow Defendants to raise any defenses

8    they may have to individual claims."); *Arthur Young & Co. v. U. S. Dist. Ct.*, 549 F.2d 686, 696–97

9    (9th Cir. 1977) (finding no error in the decision to separate issues relevant to certain defenses for

10   individual adjudication at the close of the class trial).

11       In the absence of any argument by CBC to the contrary, it appears that deferring fact

12   gathering regarding CBC's individualized statute of limitations questions and damages issues until

13   later in the case is more appropriate than permitting CBC to propound interrogatories to all

14   approximately 1,194 absent class members at this time.  *See On the House Syndication, Inc*., 203

15   F.R.D. at 458 (reserving the gathering of information from individual class members regarding the

16   defendant's defenses until trial is "superior" to conducting discovery of absent class members.).

17   **B.    Purpose**

18       With regard to the second factor, the Court finds that notwithstanding CBC's stated purpose

19   of using the discovery responses to develop its defenses and to rebut Plaintiff's request for damages,

20   there is a strong likelihood that the "practical effect of the discovery would be to reduce the size of

21   the class." *McPhail*, 251 F.R.D. at 518.  *See Nitsch*, 2016 U.S. Dist. LEXIS 142790, at *6-7

22   ("Defendants' stated purpose in seeking this discovery is to find evidence to establish their defense.

23   The practical effect, however, would be to reduce the size of the class by ferreting out and

24   eliminating individual claims.").  While CBC's proposed interrogatories are framed to elicit a "yes

25   or no" answer, they nonetheless require an understanding of an "SDN List" or "OFAC Hit."  (*See*

26   Doc. 130-1.)   A lack of understanding would likely "deter many absent class members from

27   responding." *McPhail*, 251 F.R.D. at 518.  There is also the concern that the interrogatories may

28   have the effect of requiring an "opt-in" procedure, which is contrary to Fed. R. Civ. P. 23(b)(3).  *See*

1    *id*.  Perhaps tellingly, CBC does not indicate its position regarding the legal consequences for class

2    members who do not provide a response.

3    **C.      Burden**

4             Finally, with respect to the third factor, CBC has failed to demonstrate that the discovery

5    sought would not be unduly burdensome.   CBC's undifferentiated request is aimed at all

6    approximately 1,194 class members, rather than focusing on a representative sample, *see, e.g.,*

7    *Arredondo*, 2014 WL 5106401, at *9, or individuals specifically identified or placed at issue in the

8    litigation, *see, e.g., Aldapa I*, 2019 WL 1047492, at *11.  CBC does not cite a single comparable

9    case in support of propounding written discovery on almost 1,200 absent class members.  In fact,

10   the case authority that is on point counsels against permitting the discovery.  *See, e.g., Nitsch*, 2016

11   U.S. Dist. LEXIS 142790, at *7–10; *Holman*, 2012 WL 2568202, at *4; *McPhail*, 251 F.R.D. at

12   519–20; *On the House Syndication, Inc.*, 203 F.R.D. at 457–58.

13            The cases cited by CBC do not alter this conclusion.  (*See* Doc. 130 at 10–11.)  In *Cornn v.*

14   *United Parcel Service, Inc*., No. C03–2001 TEH, 2006 WL 2642540 (N.D. Cal. 2006), the special

15   master had already decided, without objection by the plaintiffs, that discovery upon the absent class

16   members should be permitted.  *Cornn*, 2006 WL 2642540, at *2.  Thus, the court stated that it "need

17   not consider arguments that refer to whether discovery of absent class members should be allowed."

18   *Id*.  The issues presented to this Court were thus not squarely before the court in *Cornn*.  Similarly,

19   in *A.B. v. Pac. Fertility Ctr.*, No. 18-CV-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3,

20   2019), the plaintiffs ***agreed*** that defendant could take discovery of five absent class members who

21   had previously been named plaintiffs.  No such agreement has been reached in this case.

22            The Court is also unpersuaded that responding to the proposed interrogatories would not

23   require the assistance of counsel, thereby increasing the burden on the recipients.  *See Aldapa II*,

24   2019 WL 2635947, at *3 n.3 (consideration of whether responding to the discovery requests would

25   require the assistance of counsel can be "encompassed by and weighed in applying the *Arredondo*

26   factor of whether the discovery would be unduly burdensome in the context of the case").  As noted

27   above, the questions require an understanding of the terms "SDN List" or "OFAC Hit."  Although

28   an individual familiar with these technical terms would likely be able to respond, the Court presumes

many respondents would require guidance. *See, e.g., McPhail*, 251 F.R.D. at 518 (noting that each class member "would need to confer with Class Counsel to understand the purpose of the request, the penalty for not filing a response, the need to discuss all relevant information, [and] the need to refresh their recollection with documentation" in denying discovery request (citation and quotation marks omitted)).

## V.    CONCLUSION AND ORDER

For the reasons stated above, Defendant Credit Bureau Connection's motion for limited discovery from absent class members (Doc. 127) is DENIED.  The hearing set for November 9, 2022, is VACATED.

IT IS SO ORDERED.

Dated:   **November 4, 2022**                             /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE

9