UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG GON KANG, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT BUREAU CONNECTION, INC.,<br><br>Defendant. | No. 1:18-cv-01359-SKO<br><br>**ORDER VACATING HEARING**<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF ORDER *NUNC PRO TUNC***<br><br>(Doc. 160) |

Pending before the Court is Plaintiff Sung Gon Kang ("Kang")'s motion for an order amending the Court's final approval order, entered October 16, 2023 (Doc. 159). (Doc. 160.) As the motion is unopposed (*see id*. at 3), the hearing on the motion, currently set for December 6, 2023, will be vacated.

By his motion, Kang first seeks to clarify that the amount of requested attorney's fees and costs that were not awarded by the Court in its final approval order will not be deposited into the settlement fund for distribution to the class. (Doc. 160 at 6–7.) Thus, only the non-reversionary $1,071,000 statutory damages are available for redistribution if unclaimed by class members. (*See id*.) Kang now asserts that this funding mechanism does not detract from the overall fairness of the settlement under *In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 947 (9th Cir. 2011), because the class members receive the maximum statutory damages, the relief to the class was negotiated prior to agreement on attorney's fees, and a lodestar "cross-check" calculation (which

1

resulted in a reduction of fees) was undertaken by the Court.[1]  (Doc. 160 at 7–9.  *See also* Docs. 160-1 & 160-2.)  The Court agrees, *see Bluetooth*, 654 F.3d at 946–47, and will grant Kang's motion and amend the final approval order as proposed to clarify the settlement fund distribution and its fairness under *Bluetooth*.

Next, Kang seeks to amend the final approval order to reflect his reduced request for a service award of $10,000, which the Court further reduced and ultimately awarded in the amount of $5,000.  (Doc. 160 at 10.  *See* Doc. 159 at 31–32.)  Kang's motion is granted as to this amendment.  *See Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008); *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).

Finally, the Court grants Kang's motion to correct a scrivener's error in the final approval order.  (*See* Doc. 160 at 11.)

For the reasons stated above, **IT IS HEREBY ORDERED THAT**:

1. The hearing set for December 6, 2023, is VACATED;
2. Plaintiff Sung Gon Kang's unopposed motion for entry of order *nunc pro tunc* (Doc. 160) is GRANTED;
3. The Court's final approval order (Doc. 159) is hereby AMENDED, *nunc pro tunc* to October 16, 2023, as follows:
    a. The word "preliminary" at 1:22 is replaced with the word "final";
    b. The words from "the settlement agreement provides" to "(E.D. Cal. Jan. 21, 2020)" at 12:13-17 are replaced with the following: "Class Counsel negotiated the amount of attorney's fees only after securing the maximum statutory damages for the class.  (Doc. 149-1 at 10.)";
    c. The words from "is not present here" to "non-reversionary" at 12:26 are replaced with the following: "does not indicate any collusion here.  Class Counsel achieved an automatic payment at the statutory maximum amount for all Class members after contested class certification and negotiated this

---

[1] As the Court previously noted, Kang's final approval motion briefing did not address the application of *Bluetooth* to the parties' settlement.  (*See* Doc. 159 at 11 n.5.)

relief to the Class before negotiating the amount of attorney's fees, the service award, or the settlement administration costs.  (Doc. 149-1 at 10.)  Moreover, the $1,071,000 statutory damage fund recovered for the Class is non-reversionary.";

    d.    The words "in that amount. (Doc. 155-1 at 21.)" at 26:16-17 are replaced with the words "in the amount of $10,000.  (Doc. 158-1 at 18.)"; and

    e.    The words from "However, he seeks a service payment" to "class representative" at 29:26-30:1 are stricken.

IT IS SO ORDERED.

Dated:   **November 17, 2023**                              /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE